IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-417-FL

| | |
|---|---|
| RONALD HUGH HUTTON, | ) |
| Plaintiff, | ) ) ) |
| | ) **ORDER and** |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| U.S. DEPARTMENT OF VETERANS AFFAIRS, | ) ) ) |
| Defendant. | ) ) |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) (D.E. 1) by plaintiff Ronald Hugh Hutton ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively.

## ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. His motion to proceed *in forma pauperis* is therefore GRANTED.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

### I. BACKGROUND

Plaintiff's proposed amended complaint[1] (D.E. 5-1 at 1-3) consists of a three-page, typewritten letter naming the United States Department of Veterans Affairs ("VA") as a defendant. Plaintiff alleges that 25 years ago the VA determined that he was a mentally disabled veteran. (Am. Compl. 1). He further alleges that in the summer of 2009 he asked the VA to remove this designation on the grounds that he was no longer mentally disabled. (*Id.*). On 3

---

[1] The only difference between this proposed amended complaint and the original proposed complaint (D.E. 1-1) is the addition of defendant's address for the purpose of issuance of a summons (*see* D.E. 5-1 at 1).

September 2009, plaintiff further requested that the VA terminate all disability benefits he was receiving and terminate his affiliation with the VA. (*Id.* at 1-2). He has not since received any benefits from the VA. (*Id.* at 2). Nevertheless, plaintiff contends that his designation by the VA as mentally disabled has negatively affected his ability to secure employment. (*Id.*). He seeks relief in the form of an order directing the VA to remove the mentally disabled designation and to "remove [him] from their database, and remove [him] from having any affiliation with the [VA]." (*Id.* at 3). As grounds for this court's jurisdiction over the action, plaintiff alleges diversity of citizenship pursuant to 28 U.S.C. § 1332. (*See* Civ. Cover Sheet (D.E. 1-2)).

## II. DISCUSSION

### A. Applicable Legal Standards

The court must dismiss a case brought *in forma pauperis* if the court determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33.

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual

2

allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)); *see also Todd v. Geneva Convention*, No. 3:08-660-MBS, 2008 WL 1339835, at *6 (D.S.C. 9 Apr. 2008) (holding in review for frivolousness that plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim).

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff.

*Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### B. Lack of Subject Matter Jurisdiction

After a thorough review of the complaint, the court concludes that the allegations therein fail to support the court's subject matter jurisdiction. Plaintiff is essentially requesting that this court review the VA's apparent denial of his request to modify its determination that he is entitled to disability benefits due to mental disability. The Veterans' Judicial Review Act of 1988 ("VJRA"), 38 U.S.C. § 511(a), provides the exclusive process by which veterans may adjudicate claims relating to veterans' benefits. Specifically, appeals of benefits decisions made by the VA Secretary lie with the Board of Veterans' Appeals ("BVA"). *Corson v. Sec'y of Veterans Affairs*, Civil Action No. 1:09CV49, 2010 WL 532382, at *8 (N.D.W. Va. 8 Feb. 2010) (citing 38 U.S.C. § 7104(a)). Thereafter, "[t]he BVA decision may be appealed by the claimant to the [Court of Appeals for Veterans Claims], pursuant to 38 U.S.C. [§] 7252(a), and then, under certain circumstances, to the United States Court of Appeals for the Federal Circuit, pursuant to 38 U.S.C. [§§] 7252(c), 7292." *Id.* The decisions of the Federal Circuit are subject to review only by the United States Supreme Court upon certiorari. *Trueman v. United States*, No. 7:12-CV-73-F, 2014 WL 1057267, at *12 (E.D.N.C. 17 Mar. 2014) (citing *Veterans for Common Sense v. Shineski*, 678 F.3d 1013, 1022 (9th Cir. 2012)). Accordingly, federal district courts have no jurisdiction to review a VA benefits decision. *See Butler v. United States*, 702 F.3d 749, 754 (4th Cir. 2012) (holding that the VJRA "precludes jurisdiction over 'cases where

adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits' and 'also to those decisions that may affect such cases.'" (quoting *Shinseki*, 678 F.3d at 1025)); *see also Broudy v. Mather*, 460 F.3d 106, 115 (D.C. Cir. 2006) (holding that the VJRA precludes district court jurisdiction over a claim if it requires review of "'VA decisions that relate[] to benefits decisions'" (quoting *Beamon v. Brown*, 125 F.3d 965, 971 (6th Cir. 1997))); *Zuspann v. Brown*, 60 F.3d 1156, 1159 (1995) (holding that a federal district court is not the proper forum in which to bring appeals of the VA's denial of benefits). Because this court has no subject matter jurisdiction to review a decision of the VA relating to veterans' benefits, plaintiff's complaint should be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 17 April 2014, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 3 day of April 2014.

James E. Gates
United States Magistrate Judge