IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-417-FL

| | |
|---|---|
| RONALD HUGH HUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. DEPARTMENT OF VETERANS AFFAIRS, | ) |
| | ) |
| Defendant. | ) |

These matter is before the court on the memorandum and recommendation ("M&R") of Magistrate Judge James E. Gates, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaints on frivolity review pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff filed objection to M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th

Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff filed an application to proceed *in forma pauperis* on June 6, 2013, asserting claims for injunctive relief against the U.S. Department of Veterans Affairs ("VA"), asserting that defendant failed to remove his designation by the VA as mentally disabled, which status has negatively impacted his ability to secure employment. The magistrate judge granted the *in forma pauperis* application but determined on frivolity review that this court lacks subject matter jurisdiction to consider plaintiff's claims because jurisdiction over claims challenging benefits determinations by the VA lie with the Board of Veterans' Appeals and then the U.S. Court of Appeals for the Federal Circuit. (M&R at 4-5). In his objection to the M&R, plaintiff reiterates his claims, asserting that his designation by the VA is not appropriate. (Obj. at 1).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A case is "frivolous" if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Upon *de novo* review, the court finds that plaintiff's general objection provides no reason to disturb the cogent analysis contained in the M&R. The Veterans Judicial Review Act of 1988, 38 U.S.C. § 511(a) provides the exclusive process by which veterans may adjudicate claims relating to veterans' benefits. See Butler v. United States, 702 F.3d 749, 753 (4th Cir. 2012) (stating that "§ 511 precludes jurisdiction over cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits and also to those decisions that may affect such cases.") (internal quotations omitted). Accordingly, plaintiff's claim seeking to have the court review the VA decision regarding his benefits status, and decisions

2

Case 5:13-cv-00417-FL   Document 10   Filed 05/20/14   Page 2 of 3

related thereto, must be dismissed for lack of subject matter jurisdiction.

CONCLUSION

Based on the foregoing, upon de novo review of the record and the recommendation in the M&R, the court ADOPTS the recommendation of the magistrate judge, and plaintiff's action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). The clerk is directed to close this case.

SO ORDERED, this the 20th day of May, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge